**SHANJI LIN, Petitioner,**

v.

**IMMIGRATION AND**

NATURALIZATION SERVICE,*
Respondent.

No. 03–4178–ag.

United States Court of Appeals,
Second Circuit.

Aug. 28, 2006.

Peter D. Lobel, New York, NY, for Petitioner.

Tonya L. Shotwell, Department of Justice Attorney, Asset Forfeiture Division (Karin B. Hopperman, Assistant United States Attorney, Paul I. Perez, United States Attorney for the Middle District of Florida, on the brief), Tampa, FL, for Respondent.

PRESENT: RALPH K. WINTER, ROSEMARY S. POOLER, SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Petitioner Shanji Lin, a citizen of the People's Republic of China, petitions for review from an order of the BIA, dated December 23, 2002, summarily affirming Immigration Judge ("IJ") Sandy Hom's September 12, 2000, denial of his claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). *In re Shanji Lin,* No. A 78 212 266, *aff'g* (Immig.Ct.N.Y.City). We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We are without jurisdiction to review the IJ's denial of Lin's asylum claim because it was based on the factual determination that Lin did not file his asylum application within one year of entering the United States. *See* 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 154 (2d Cir.2006).

We are also jurisdictionally barred from reviewing the denial of Lin's withholding of removal and CAT claims because Lin did not mention either of these claims in his brief to the BIA, and, therefore, failed to exhaust his administrative remedies as to these categories of relief. See 8 U.S.C. § 1252(d)(1). Unlike exhaustion of issues, exhaustion of categories of relief is a jurisdictional requirement. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 115 n. 17 (2d Cir.2006).

Finally, we are similarly without jurisdiction to review the BIA's decision to streamline Lin's appeal pursuant to 8 C.F.R. § 1003.1(e). *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir.2006).

Accordingly, for the foregoing reasons, the petition for review is DISMISSED. Lin's motion for a stay of removal is DENIED as moot.

---

* On March 1, 2003, the Immigration and Naturalization Service was reconstituted as the Bureau of Immigration and Customs Enforcement and the Bureau of U.S. Citizenship and Immigration Services, both within the Department of Homeland Security. *Monter v. Gonzales,* 430 F.3d 546, 548 n. 1 (2d Cir. 2005).